UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

    v.

YOLANDA K. CRAWFORD,

    Defendant.

Case No. 16-cv-01744-RS

**ORDER DENYING J & J SPORTS' MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

Plaintiff J & J Sports Productions, Inc. ("J & J Sports") moves for default judgment against defendant Yolanda K. Crawford. Crawford has failed to respond to J & J Sports' motion. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for October 28, 2016, is vacated. For the reasons that follow, J & J Sports' motion is denied.

## II. BACKGROUND

J & J Sports is a television production company that held "the exclusive nationwide commercial distribution (closed-circuit) rights" to the May 2, 2015, boxing match between Floyd Mayweather, Jr. and Manny Pacquiao. Compl. ¶ 14. According to J & J Sports, the Everett & Jones Barbeque restaurant in Hayward, California, unlawfully screened the boxing match. As a result, J & J Sports brought this action against Crawford, the owner of Everett & Jones Barbeque. J & J Sports advances four claims: violation of 47 U.S.C. § 605, violation of 47 U.S.C. § 553, conversion, and violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*).

Crawford never answered the complaint and has never made an appearance. As a result, J & J Sports moved for entry of default, and default was entered. J & J Sports now moves for

1  default judgment on all four of its claims and seeks $113,000 in damages.  Crawford has filed no
2  opposition.

### III. LEGAL STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion.  *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering these factors, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true."  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation and internal quotation marks omitted).  Allegations that simply parrot statutory language "are not well-pleaded facts; they are simply . . . legal conclusions, which [a defendant is] not held to have admitted through default.  *Id.* (citations omitted).

### IV. DISCUSSION

The allegations plaintiff relies on to show Crawford's liability are simply legal conclusions not entitled to an assumption of truth.  For instance, the complaint's garbled factual allegation "Defendant Yolanda K. Crawford personally, or by specifically directed the employees of Everett & Jones Barbeque to unlawfully intercepted and broadcast Plaintiff's *Program* at Everett & Jones Barbeque," [sic] Compl. ¶ 11, merely states a legal conclusion that Crawford acted unlawfully, without saying how or why.  Elsewhere, the complaint alleges a violation of 47 U.S.C. § 605 by roughly parroting the statute's language:

> With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the

> above named Defendant [sic]. . . did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission . . . .

*Id*. ¶ 17; *see* 47 U.S.C. § 605(a) ("no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception").  The complaint's other allegations of statutory or common-law liability are likewise little more than broadly stated, copy-paste legal conclusions that should not be taken as true for the purpose of deciding a motion for default judgment.  *See, e.g.*, Compl. ¶ 24 ("The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendant was prohibited by Title 47 U.S.C. Section 553, *et seq*.").

Given that the complaint's allegations regarding liability are not deemed true for the purpose of deciding this motion, the *Eitel* factors weigh in favor of denying J & J Sports' motion. J & J Sports' complaint does not sufficiently plead meritorious claims, and leaves open the possibility of disputes concerning material facts.  The possibility of factual disputes is increased by the fact that the only purported evidence of Crawford having screened the fight, a declaration submitted with J & J Sports' motion, is marred by unexplained inconsistencies.  In that declaration, affiant Michael Bliss claims to have been at Everett & Jones Barbeque from 8:41 P.M. to 8:43 P.M. on the night of the fight, to have seen eight other patrons at the restaurant, and to have seen the fight on the restaurant's television.  Decl. of Affiant.  Bliss submitted three photos with his affidavit: one of the exterior of the restaurant during the day; one of the exterior of the restaurant at night, with one patron visible inside; and one of the interior of the restaurant at an indeterminate time of day, with the television off, no patrons visible, and the chairs stacked upside down on the tables.  *Id*.  These depictions are all inconsistent with Bliss's declaration.  Not one of the photos shows a boxing match on the television or eight patrons inside the restaurant.  Bliss's declaration does not refer to multiple trips to Everett & Jones Barbeque that could account for these inconsistencies and makes no other attempt to explain them.

The amount of money at stake in the case ― J & J Sports believes it is entitled to the substantial sum of $113,000 ― and a policy favoring decisions on the merits also weigh in favor of denying the motion for default judgment.  Moreover, J & J Sports will not be prejudiced by the denial of its motion, because it can seek leave to amend its deficient complaint.  Although Crawford's default does not appear to have been the result of excusable neglect, this consideration does not outweigh the other factors, which weigh conclusively in favor of denying J &J's motion for default judgment.

## V.  CONLCUSION

For the foregoing reasons, J & J Sports' motion for default judgement is denied.  If it chooses, J & J Sports may file an amended complaint.  Any amended complaint shall be filed no later than November 3, 2016, and shall state with particularity sufficient facts supporting defendant's liability.

IT IS SO ORDERED.

Dated: October 13, 2016

_____
RICHARD SEEBORG
United States District Judge